UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                          Chapter 7

MARK A. NORDLICHT,                                              Case No. 20-22782 (RDD)

        Debtor,


----------------------------------------------------------------x

### OBJECTION TO APPLICATION TO EMPLOY STEPTOE & JOHNSON LLP AS SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE (ECF NO. 19)

Mark A. Nordlicht, the Chapter 7 Debtor, by his undersigned counsel, submits this Objection to the application of Mark S. Tulis, the Chapter 7 Trustee (the "Trustee"), to employ Steptoe & Johnson LLP ("S&J") as his special litigation counsel pursuant to 11 U.S.C § 327(a) & (c) (ECF No. 19). Although the Trustee previously retained Lamonica Herbst & Maniscaclo, LLP ("LH&M") to perform litigation services, it now seeks to also employ S&J, current and continuing counsel for Richard Stadtmauer ("Stadtmauer"), a creditor herein. The application must be denied because:

**(A)     The Proposed Retention Fails To Attach The Funding Agreement Between The Trustee And Creditor Stadtmauer For S&J's Services Which Needs To Be Reviewed For Potential Conflicts And Adverse Interests (See, ECF No. 19, ¶'s 19-20);**

**(B)     S&J's Simultaneous Representation Of Both The Trustee And Creditor Stadtmauer Would Create A Conflict And Adverse Interest, Since The Trustee Would Be Opposing His Own Counsel In Connection With Any Objection Concerning Stadtmauer's Claim Or The Priority Thereof;**

**(C)     Upon Information And Belief, The Cryptic Description Of The Proposed Funding Agreement Suggests That There Might Be Some Form Of Disguised Compensation Sharing Between S&J And The Stadtmauers Which Is Prohibited; and**

**(D)     The Retention Of S&J Is Not Reasonably Necessary, Since They Basically Seek To Perform Similar Litigation Services As LH&M.**

**(A)** **The Proposed Retention Fails To Attach The Funding Agreement Between The Trustee And Creditor Stadtmauer For S&J's Services Which Needs To Be Reviewed For Potential Conflicts And Adverse Interests**

1.      The Trustee's application to retain S&J should be denied for failing to disclose the full terms of the proposed funding arrangement with S&J's client and creditor, Stadtmauer. Indeed, the Trustee asserts (tucked away in paragraphs 19 & 20 of his application) that ***S&J will be compensated pursuant to***, *inter alia*, a "proposed ***funding agreement between the Trustee and Richard Stadtmauer***" (emphasis added)(ECF No. 19, App. ¶ 20). The Trustee further asserts that he will be seeking court approval of the funding arrangement with Stadtmauer (the "Stadtmauer Funding Agreement") (Id, ¶ 19).

2.      But the Trustee's application fails to attach either a copy of the Stadtmauer Funding Agreement for S&J or the Trustee's proposed motion for approval of the Stadtmauer Funding Agreement.

3.      Moreover, rhe Stadtmauer Funding Agreement and the Trustee's motion for approval must be reviewed to determine whether S&J is conflicted or an adverse interest exists. *See generally*, *In re Champagne Services, LLC*, 560 B.R. 196, 200-201 (Bankr. E.D. Va. 2016) (denying retention for failing to place retainer agreement before the Court, especially since there was a third party's guaranty of the legal fees which needed to be reviewed to determine whether there was a conflict of interest).[1]

4.      Thus, the Trustee's motion to retain S&J must be denied on this ground alone.

---

[1]      S&J also states that it currently represents Stadtmauer in three other matters (ECF No. 19, App.¶ 14). Thus, S&J should also disclose whether it is holding any excess funds from Stadtmauer in any of its prior or pending matters which could also serve as a potential guarantee of its payment herein.

**(B)    S&J's Simultaneous Representation Of Both The Trustee And Creditor Stadtmauer Would Create A Conflict And Adverse Interest, Since The Trustee Would Be Opposing His Own Counsel In Connection With Any Objection Concerning Stadtmauer's Claim Or The Priority Thereof**

5.    The Trustee also asserts (tucked away in paragraph 15 of his application) that

*S&J will continue to "represent the Stadtmauers ... in any litigation that may arise concerning the treatment of the Stadtmauers' claims in the debtor's bankruptcy proceedings, including the priority thereof*" (emphasis added)(ECF No. 19, App. ¶ 15).

6.    Thus, to the extent that the Trustee has any objection concerning the Stadtmauers' claim or the priority thereof, he would be fighting and/or opposing his own litigation counsel, S&J, which would set forth a potential conflict and/or adverse interest.

7.    Therefore, the Trustee's application to retain S&J must be denied on this ground as well. At the very least, S&J must be precluded from simultaneously representing both the Trustee and the creditor Statdmauers herein.

**(C)    Upon Information And Belief, The Cryptic Description Of The Proposed Funding Agreement Suggests That There Might Be Some Form Of Disguised Compensation Sharing Between S&J And The Stadtmauers Which Is Prohibited**

8.    The Trustee further asserts (tucked away in paragraph 20 of his application) that if S&J's "Net Recovery exceeds $10 million, any contingency fee award to [S&J] shall be reduced by $0.33 for every dollar of the contingent fee award in excess of $3.5 million, *up to a maximum aggregate reduction equal to the amount of funds advanced as fees (but not as costs) under the proposed funding agreement between the Trustee and Richard Stadtmauer*" (emphasis added)(ECF No. 19, App. ¶ 20).

9.    The Trustee then cryptically asserts (tucked away in paragraph 23 of his

application) that "*[e]xcept as disclosed herein*, [S&J] has not agreed nor will it agree to share compensation received in connection with the Chapter 7 Case with any other person, *except as permitted by § 504(b) of the Bankruptcy Code*" (emphasis added).

10.     Upon information and belief, based on the Trustee's cryptic wording it appears that there may be some form of disguised compensation sharing between S&J & the Stadtmauers (or some other person or entity on their behalf) which is prohibited and illegal, and which further requires the denial of S&J's retention.

**(D)     The Retention Of S&J Is Not Reasonably Necessary, Since They
Basically Seek To Perform Similar Litigation Services As LH&M**

11.     Additionally, the Trustee's proposed retention of S&J is not reasonably necessary given that he has already retained LH&M to perform similar litigation services. In that regard, on July 16, 2020, the Trustee filed an application to retain LH&M as counsel pursuant to § 327(a) (ECF No. 9).

12.     The Trustee expressly stated that he was seeking to retain LH&M to provide legal advice and services in connection with, inter alia, "an investigation into the Debtor's pre and post-Petition date conduct of alleg[edly] transferring and otherwise concealing his assets from Creditors" (ECF No. 9, App. ¶ 5). The Trustee further stated that LH&M would render various services, including to:

(i)     "[a]dvise the Trustee in connection with an investigation into the Debtor's ... pre and post-Petition Date conduct of allegedly transferring and concealing assets from Creditors" (ECF No. 9, App. ¶ 7[i]);

(ii)     "[i]nvestigate and advise the Trustee as to the ... existence of any claims or causes of action that can be pursued for the benefit of the Debtor's estate" (Id, ¶ 7[ii]);

(iii) &ldquo;[a]ssist the Trustee in the pursuit and recovery of any voidable transfers of the Debtor's assets under, <u>inter alia</u>, Bankruptcy Code section 544, 546, 547, 548, 549 and 550, and the New York State Debtor Creditor Law&rdquo; (Id, ¶ 7[iii]); and

(iv) &ldquo;[p]repare, file and prosecute motions objecting to claims ...&rdquo; (Id, ¶ 7[iv]).

13. In support of the application, the Trustee submitted an affidavit from Salvatore Lamonica, a member of LH&M, which stated that &ldquo;LH&M possesses the requisite experience and expertise to advise the Trustee as his counsel in this case&rdquo;; and that &ldquo;LH&M has extensive experience representing chapter 7 and chapter 11 trustees and is well versed in the chapter 7 process&rdquo; (ECF No. 9, Aff. ¶ 4). The Trustee's application to retain LH&M did not disclose any need to hire any additional counsel such as S&J.

14. On July 17, 2020, the Court issued an Order approving the Trustee's application to retain LH&M as counsel (ECF No. 10). The Court's Order expressly stated that the Trustee is authorized to retain LH&M pursuant to § 327(a), and to perform the various services set forth in paragraph 12(i)-(iv) above, which include the investigation and prosecution of claims for transferred or hidden assets (ECF No. 10, pp. 1-2).

15. Thereafter, on August 25, 2020, the Trustee filed an application to retain S&J as special counsel, also pursuant to, inter alia, § 327(a)(ECF No. 19). The Trustee's application states that it seeks to employ S&J to prosecute claims of the estate in an action that was removed and pending before this Court (since July 31, 2020) entitled, *Stadtmauer et al., v. Nordlicht et al.*, Adv. Pro. No. 20-06489 (RDD)(the &ldquo;Stadtmauer Adversary&rdquo;); &ldquo;and such additional matters as may be mutually agreed on the terms hereof&rdquo; (ECF No. 19, App. ¶ 6).

16. Aside from failing to attach the Stadtmauer Funding Agreement, the Trustee fails

to state what additional matters he seeks to retain S&J for. Moreover, S&J states that it has "experience representing Chapter 11 and Chapter 7 trustees as litigation counsel" (Id, ¶ 7). Thus, the Trustee would presumably seek to employ S&J in litigation matters, which is the same field of expertise as its current counsel, LH&M.

17.     Additionally, the Trustee fails to state, much less demonstrate, why it is reasonably necessary to employ S&J for any additional litigation matters given that it has already retained LH&M. *See generally, 3 Collier on Bankruptcy* ¶ 327.02[1](16th Ed. Rev.)("The determinative question in approving the employment of a professional person is whether it is reasonably necessary during the administration of the estate to have professional persons, such as attorneys ... employed"); *see also, In re Bible Speaks*, 67 B.R. 426, 427 (Bankr. D. Mass. 1986) (Court denied the Committee's request for retention of co-attorneys because of insufficient demonstration of cause, where no showing was made that the case was overly complex or that the primary attorneys lacked the requisite skills to perform the relevant tasks).

18.     The Trustee further states that S&J should be retained to prosecute the Stadtmauer Adversary since it involves "alleged fraudulent transfer, veil piercing, and similar claims against persons and entities associated with Mark Nordlicht" (ECF No. 19, App. ¶ 8). Here again the Trustee basically seeks to retain S&J to prosecute the same types of claims that he has already retained LH&M for (See, ECF No. 10, pp. 1-2 [i-iv]). But once again the Trustee fails to demonstrate why it is reasonably necessary to employ S&J for litigation matters that it has already retained LH&M for.

19.     Thus, the Trustee's application to retain S&J should also be denied on the ground

that it is not reasonably necessary given that he has already retained LH&M to essentially perform the same services which could likely lead to duplicative work and billing.

20.     The Trustee further states that to the extent that any work of S&J "results in a reduction of claims asserted against the Debtor's estate" (ECF No. 19, App. ¶ 21), that S&J will receive "compensation for such reduction" "in an amount and manner to be negotiated in good faith between (S&J) and the Trustee ..." (Id). But as stated, the Court already approved LH&M's retention to "[p]repare, file and prosecute motion objecting to claims" (ECF No. 10, p. 2[iv]). Thus, there is no need to compensate S&J for work that LH&M was already retained to do, which further requires denial of S&J's proposed retention.

<b><u>CONCLUSION</u></b>

For all the foregoing reasons set forth herein, the Trustee's application (ECF No. 19) to retain Steptoe & Johnson (existing counsel to creditor, Richard Stadtmauer), as his special litigation counsel pursuant to 11 U.S.C § 327(a) & (c), should be denied in all respects.

Dated:    New York, New York
          August 27, 2020

                              BACKENROTH, FRANKEL & KRINSKY, LLP
                              Attorneys for Mark A. Nordlicht

                                    /s/Abraham Backenroth
                              By:_____
                              Abraham Backenroth, Esq.
                              800 Third Avenue, 11th Floor
                              New York, New York 10022
                              (212) 593-1100

7