**LaMONICA HERBST & MANISCALCO, LLP**  **Presentment Date: January 10, 2022 at 10:00 a.m.**
3305 Jerusalem Avenue, Suite 201  **Objections Due: January 3, 2022**
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
*Counsel to Mark S. Tulis, Chapter 7 Trustee of the Estate of Mark A. Nordlicht*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                            Chapter 7

MARK A. NORDLICHT,                                               Case No. 20-22782 (RDD)

            Debtor.
-----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF MOTION FOR AN ORDER,
PURSUANT TO 11 U.S.C. § 105(a) AND RULE 9019 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE, APPROVING A STIPULATION OF SETTLEMENT
BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND THE JOINT OFFICIAL
LIQUIDATORS OF PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P.
AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on **January 10, 2022 at 10:00 a.m.**, the motion ("Motion") of plaintiff Mark S. Tulis, as Chapter 7 Trustee ("Trustee") of the estate of Mark A. Nordlicht ("Debtor"), seeking the entry of an Order: (i) approving a Stipulation of Settlement by and between the Chapter 7 Trustee and the Joint Official Liquidators ("JOLs") of Platinum Partners Value Arbitrage Fund L.P. (in official liquidation) ("PPVA"); and (ii) granting related relief, will be presented to the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, The Honorable Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, New York 10601-4140 ("Court").

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, conform with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor, and be filed with the Court no later than **January 3, 2022 by 5:00 p.m.** as follows: (i) through the Court's Official Court Electronic Document Filing System, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that, in the event objections to the Motion are timely filed, then a hearing will be scheduled, notice of which will be provided separately.

**PLEASE TAKE FURTHER NOTICE** that, if no objections are timely filed, then no hearing may be held and the Court may grant the relief requested in the Motion.

Dated: December 16, 2021
      Wantagh, New York

                                        **LaMONICA HERBST & MANISCALCO, LLP**
                                        *Counsel to Mark S. Tulis, Chapter 7 Trustee of the*
                                        *Estate of Mark A. Nordlicht*

               By:     *s/Salvatore LaMonica*
                        Salvatore LaMonica
                        A Member of the Firm
                        3305 Jerusalem Avenue
                        Wantagh, New York 11793
                        Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**  **Presentment Date: January 10, 2022 at 10:00 a.m.**
3305 Jerusalem Avenue, Suite 201                                                                   **Objections Due: January 3, 2022**
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
*Counsel to Mark S. Tulis, Chapter 7 Trustee of the Estate of Mark A. Nordlicht*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                                        Chapter 7

MARK A. NORDLICHT,                                            Case No. 20-22782 (RDD)

         Debtor.
----------------------------------------------------------------x

**MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. § 105(a) AND RULE 9019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING A
STIPULATION OF SETTLEMENT BY AND BETWEEN THE CHAPTER 7 TRUSTEE
AND THE JOINT OFFICIAL LIQUIDATORS OF PLATINUM PARTNERS VALUE
ARBITRAGE FUND L.P. AND GRANTING RELATED RELIEF**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

      Mark S. Tulis, as Chapter 7 Trustee ("Trustee") of the estate of Mark A. Nordlicht ("Debtor"), files this motion ("Motion"), pursuant to 11 U.S.C. § 105(a) ("Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), seeking entry of an Order: (i) approving a Stipulation of Settlement by and between the Chapter 7 Trustee and the Joint Official Liquidators ("JOLs") of Platinum Partners Value Arbitrage Fund L.P. (in official liquidation) ("PPVA"); and (ii) granting related relief, and respectfully sets forth as follows:

**JURISDICTION**

      1.    The Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

      2.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(A) and (L).

      3.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.　　The statutory predicates for the relief sought in this Motion include section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(3) and 9019(a).

## BACKGROUND

5.　　On June 29, 2020 ("Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("Court").

6.　　Mark S. Tulis was appointed as the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, is the permanent Chapter 7 Trustee of the Debtor's estate

7.　　The Debtor was the former chief investment officer of PPVA.

8.　　PPVA is currently in a Cayman Island Liquidation proceeding pending before the Grand Court of the Cayman Islands ("Cayman Liquidation").

9.　　Pursuant to Chapter 15 of the Bankruptcy Code and the Orders of the United States Bankruptcy Court for the Southern District of New York, the JOLs have been recognized as the foreign representatives of the PPVA liquidation estate, and the Cayman Liquidation has been reorganized as a foreign proceeding (case no. 16-12925-SCC).

10.　　In accordance with the limited partnership agreement of Grey K Environmental II, LLP ("Grey K"), the fund is making a distribution to various investors including an entity known as Kent Group LLC ("Kent Group").

11.　　The JOLs have asserted that the proposed distribution from Grey K is an asset of the PPVA liquidation estate as they allege the Kent Group is a wholly owned subsidiary of PPVA.

12.　　The Trustee has asserted that the distribution to Kent Group is property of the bankruptcy estate and that the Debtor held the interest in Kent Group pursuant to the terms of an Operating Agreement.

13. Given the dispute over the entitlement to the funds, the Fund Administrator is holding the sum of $956,171.48 ("Distribution").

14. The JOLs and the Trustee have a dispute over the entitlement to the Distribution and have entered into this Stipulation of Settlement (through their respective counsel), annexed as Exhibit "A" ("Stipulation") as a means to settle any and all claims between them in and to the Distribution.

## RELIEF REQUESTED AND BASIS FOR RELIEF

15. By this Motion, the Trustee seeks entry of an Order approving the Stipulation as being fair, equitable and in the best interests of the Debtor's estate in accordance with section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a).

16. For the reasons set forth more fully below, the Trustee believes that the settlement falls well above the lowest level of reasonableness and urges the Court to approve the Stipulation. A proposed Order is annexed as Exhibit B ("Proposed Order").

**A.    The Terms of the Settlement**

17. The Stipulation provides that the Distribution shall be disbursed as follows: (i) the sum of $150,000.00 to the Trustee ("Settlement Sum"); and (ii) the balance of the Distribution in the amount of $806,171.48 to be paid to the JOLs on behalf of PPVA. The payment of the Settlement Sum shall be in full and final satisfaction of any and all claims that the Trustee and the estate have or may have in and to the Distribution. See Exhibit A at p. 2, ¶1.

18. The above is intended to be only a summary of the more salient terms of the Stipulation. The Trustee respectfully refers the Court and all parties to the Stipulation that is annexed as Exhibit A for its complete terms and conditions.

3

**B.    The Stipulation Should Be Approved**

19.    Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. See In re Dewey & Leboeuf L.L.P., 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012).

20.    Under Bankruptcy Rule 9019, the court has the authority to "approve a compromise or settlement." FED. R. BANKR. P. 9019(A). A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. See In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. S'holders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1968)). See also Topwater Exclusive Fund III, L.L.C. v. SageCrest II, L.L.C. (In re Sagecrest II), Nos. 3:10cv978 (SRU), 3:10cv979 (SRU), 2011 WL 134893, at *8-9 (D. Conn. Jan. 14, 2011); Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190(RJS), 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010); In re Chemtura Corp., 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010); In re Lehman Bros. Holdings, Inc., 435 B.R. 122, 134 (S.D.N.Y. 2010).

21.    A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Chemtura, 439 B.R. at 594 (quoting In re W.T. Grant, Co., 699 F.2d 599, 608 (2d Cir. 1983)) (internal quotations omitted). However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement. Id. Rather, the court may rely upon the opinions of the trustee, the parties and their attorneys to evaluate the settlement and to make an independent judgment. See In re Adelphia Commc'ns. Corp., 368 B.R. 140, 225-26 (Bankr. S.D.N.Y. 2007).

22. The court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." O'Connell v. Packles (In re Hilsen), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting TMT Trailer Ferry, 390 U.S. at 424) (internal quotations omitted). The United States Court of Appeals for the Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in Motorola, Inc. v. Off. Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining."

Id. (internal citations omitted). The burden is on the settlement proponent to persuade the court that the settlement is in the best interests of the estate. See 8 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 167:2 (3d ed. 2011). In this regard, the granting of releases in connection with a settlement of claims is left to the trustee's business judgment. See, e.g., Morley v. Ontos, Inc. (In re Ontos, Inc.), 478 F.3d 427, 433 (1st Cir. 2007) (affirming decision approving stipulation containing release of claims by trustee in connection with settlement of claims); Krohn v. Lawlor, 2007 U.S. Dist. LEXIS 66763, 2007 WL 2687663 (E.D.N.Y. Sept. 10, 2007) (approving settlement agreement in which the trustee granted releases).

23. In this case, the Trustee determined in his reasonable business judgment that the proposed settlement embodied in the Stipulation is fair and reasonable within the governing standards outlined above.

24. In assessing the settlement, the Court should consider (as the Trustee has) the following:

   a. that the Kent Group Operating Agreement indicates that the Debtor was the sole member of the LLC;

   b. that there are numerous other documents that indicate that the Kent Group was a wholly owned subsidiary of PPVA; and

   c. that the Debtor also previously stated the other PPVA subsidiaries similar to the Kent Group were created with ambiguous formation documents.

25. As a result of all of the above, the Trustee exercised his best business judgment to enter into the Stipulation and resolve any dispute over the Distribution without the need for litigation and the costs associated with such litigation. The proposed settlement brings a tangible benefit to the Debtor's estate, eliminates a potentially negative result, and results in closure of this issue.

26. For these reasons, the Trustee submits that the Stipulation is fair, reasonable and in the best interests of the Debtor's estate, and the Trustee recommends its approval.

## **NOTICE AND NO PRIOR REQUEST**

27. In accordance with Bankruptcy Rule 2002(a)(3), the Trustee will serve a copy of this Motion by regular mail upon: (a) the Debtor, through his counsel of record; (b) the United States Trustee; (c) the Joint Official Liquidators of Platinum Partners Value Arbitrage Fund L.P., through its counsel of record; (d) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002 in the Debtor's case; (e) applicable

taxing authorities and governmental units; and (f) all creditors of the Debtor that filed a proof of claim with the Court.

28. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order approving the Stipulation, and grant the Trustee such other and further relief as may be just and appropriate.

Dated: December 16, 2021
Wantagh, New York

                        **LaMONICA HERBST & MANISCALCO, LLP**
                        *Counsel to Mark S. Tulis, Chapter 7 Trustee of the*
                        *Estate of Mark A. Nordlicht*

By:   *s/Salvatore LaMonica*
       Salvatore LaMonica
       A Member of the Firm
       3305 Jerusalem Avenue
       Wantagh, New York 11793
       Telephone: (516) 826-6500